**2012 OK 103**

**NOVA HEALTH SYSTEMS, d/b/a Reproductive Services, on behalf of itself, its staff, and its patients; Larry Burns, D.O., on behalf of himself and his patients; and Oklahoma Coalition for Reproductive Justice, on behalf of its members, Plaintiffs/Appellees,**

**v.**

**E. Scott PRUITT, in his official capacity as Attorney General of Oklahoma; Tim Harris, in his official capacity as District Attorney for Tulsa County, Greg Mashburn, in his official capacity as District Attorney of Cleveland, Garvin, and McClain Counties; Lyle Kesley, in his official capacity as executive Director of the Oklahoma State Board of Medical Licensure and Supervision; and Gordon P. Laird, D.O., in his official capacity as President of the Oklahoma State Board of Osteopathic Examiners, Defendants/Appellants,**

**and**

**American Victims of Abortion, a national project of the National Right to Life Committee, Defendant–Intervenor/Appellant.**

**No. 110,813.**

Supreme Court of Oklahoma.

Dec. 4, 2012.

As Corrected Dec. 5, 2012.

**MEMORANDUM OPINION**

**PER CURIAM.**

¶ 1 This is an appeal of the trial court's summary judgment which held House Bill 2780, 2010 Okla. Sess. Laws ch. 36 (codified at Okla. Stat. tit. 63, §§ 1–738.1A, 1–738.3d, 1–738.3e), unconstitutional. Upon review of the record and the briefs of the parties, this Court determines this matter is controlled by the United States Supreme Court decision in *Planned Parenthood v. Casey,* 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992), which was applied in this Court's recent decision of *In re Initiative No. 395, State Question No. 761,* 2012 OK 42, 286 P.3d 637, *cert. den. sub nom. Personhood Okla. v. Barber et al.,* —— U.S. ——, 133 S.Ct. 528, 184 L.Ed.2d 340 (2012) (No. 12–145).

¶ 2 Because the United States Supreme Court has previously determined the dispositive issue presented in this matter, this Court is not free to impose its own view of the law. The Supremacy Clause of the United States Constitution provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. Art. VI, cl. 2. The Oklahoma Constitution reaffirms the effect of the Supremacy Clause on Oklahoma law by providing: "The State of Oklahoma is an inseparable part of the Federal Union, and the Constitution of the United States is the supreme law of the land." Okla. Const. art. 1, § 1. Thus, this Court is duty bound by the United States and the Oklahoma Constitutions to "follow the mandate of the United States Supreme Court on matters of federal constitutional law" *In re Initiative Petition No. 349, State Question No. 642,* 1992 OK 122, ¶ 1, 838 P.2d 1, 2; *In re Petition No. 395,* 2012 OK 42, ¶ 2, 286 P.3d 637.

¶ 3 The challenged measure is facially unconstitutional pursuant to *Casey,* 505 U.S. 833, 112 S.Ct. 2791. The mandate of *Casey* remains binding on this Court until and unless the United States Supreme Court holds

to the contrary. The judgment of the trial court holding the enactment unconstitutional is affirmed and the measure is stricken in its entirety.

CONCUR: TAYLOR, C.J.; COLBERT, V.C.J.; KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, COMBS, JJ.

RECUSED: GURICH, J.